1  **FOX ROTHSCHILD LLP**
   Andrew W. Russell (SBN 280669)
2  arussell@foxrothschild.com
   10250 Constellation Blvd., Suite 900
3  Los Angeles, CA 90067
   Telephone: 310-598-4150
4  Facsimile: 310-556-9828

5  **SHERIN AND LODGEN LLP**
   Matthew C. Moschella (MA BBO No. 653885) (*pro hac vice* to be filed)
6  mcmoschella@sherin.com
   Thomas Paul Gorman (MA BBO No. 204100) (*pro hac vice* to be filed)
7  tpgorman@sherin.com
   101 Federal Street
8  Boston, MA 02110
   Telephone: 617-646-2000
9  Facsimile: 617-646-2222

10 Attorneys for Defendant,
   DAVIDSTEA (USA) INC. erroneously sued
11 as DAVIDSTEA, INC.

12           **UNITED STATES DISTRICT COURT**

13         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| PERLA MAGENO, an individual. | Case No. |
|---|---|
| Plaintiff, | **DAVIDSTEA (USA) INC.'S NOTICE OF REMOVAL PURSUANT TO (1) 28 U.S.C. §§ 1332 AND 1441(b) (DIVERSITY OF CITIZENSHIP)** |
| v. | |
| DAVIDSTEA, INC., a Canadian corporation and DOES 1-10, inclusive. | |
| Defendants. | Los Angeles County Superior Court Case No. 19G DCV00604 |

**NOTICE OF REMOVAL**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant DAVIDSTEA (USA) INC. ("Defendant") (erroneously sued as "DAVIDSTEA, INC.") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles (the "State Court") to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332.

## I. TIMELINESS OF REMOVAL

On May 14, 2019, Plaintiff PERLA MAGENO ("Plaintiff" or "Mageno") filed an unverified Complaint against Defendant and Does 1-10 in the Superior Court for the State of California, County of Los Angeles, entitled *Perla Mageno v. Davidstea, Inc., a Canadian corporation*, Superior Court Case No. 19G DCV00604 (the "State Court Action"). Attached as **Exhibit A** to the Declaration of Andrew W. Russell in Support of Notice of Removal of Action to Federal Court ("Russell Decl.") are true and correct copies of the Complaint, Summons, and Civil Case Cover Sheet served by Plaintiff on Defendant's registered agent for service of process on June 28, 2019.

The Complaint asserts a claim for Violation of the Unruh Civil Rights Act, California Civil Code § 51, *et seq.* ("Unruh Act"). Plaintiff, "a visually impaired and legally blind person who requires screen-reading software to read website content," contends that she was unable to use Defendant's website, www.davidstea.com. Complaint, ¶¶ 1, 2, 7.

On July 24, 2019, Defendant filed its Answer to Plaintiff's Complaint. Attached as **Exhibit B** to the Russell Decl. is a true and correct copy of Defendant's Answer to the Complaint.

A defendant in a civil action has thirty (30) days from the date it is served with a summons and complaint in which to remove the action to federal court. 28

U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). As Defendant's registered agent for service of process was served with the summons and Complaint on June 28, 2019, this Notice of Removal is timely. 28 U.S.C. § 1446(b).

Venue is proper in this District under 28 U.S.C. § 1446(a) because this District embraces the count where the state court is pending.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

### A. Diversity of Citizenship

Citizenship of Plaintiff: For diversity purposes, an individual is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An individual's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Plaintiff alleges that she was at all relevant times, and still is, a resident of the State of California. (See Complaint ¶ 7.) Thus, Plaintiff is a citizen of California for purposes of determining diversity jurisdiction.

Citizenship of Defendant. At all times on or after the date this action was filed, Defendant has been a corporation incorporated under the laws of the state of Delaware with its principal place of business in Mount Royal, Quebec, Canada. (See **Exhibit D** to Russell Decl. and Complaint, ¶ 12.) "A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

For purposes of removal, diversity of citizenship is determined at the time the action is filed and at the time of removal. *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002). Accordingly, for purposes of determining diversity, Defendant, a Delaware corporation with its principal place of

2.

**NOTICE OF REMOVAL**

business in Canada (see Exh. D to Russell Decl. and Complaint, ¶ 12), is regarded as a citizen of Delaware and Canada for diversity purposes. Based on its corporate legal citizenship, country of incorporation, principal place of business and the laws under which it was organized, Defendant is not a California citizen.

Although Plaintiff has named "Doe" defendants, the citizenship of fictitiously-named "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(a); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Because Plaintiff and Defendant are citizens of different or foreign states under the applicable legal standards, complete diversity exists in this case.

### B.  Amount In Controversy

In order to show that the amount in controversy requirement is satisfied, Defendant need only demonstrate, by a preponderance of evidence, that Plaintiff's claims meet the jurisdictional minimum. 28 U.S.C. § 1446(c)(2)(B). In determining whether the jurisdictional minimum is met, the Court is entitled to and should consider all recoverable damages sought by Plaintiff, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *See Hunt v. Washington State Apple Advertising Comm 'n*, 432 U.S. 333, 347-48 (1977), superseded on other grounds; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996). In addition, the Court may consider the value of nonmonetary relief sought (28 U.S.C. § 1446(c)(2)(A)(i)) and aggregate claims for monetary and nonmonetary relief brought by a single plaintiff against a single defendant. *See Bank of Calif. Nat'l Ass 'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) (noting "aggregation is permitted when 'a single plaintiff seeks to aggregate two or more of his own claims against a single defendant"); *Wolde-Meskel v. Vocational Instruction Project Community Services, Inc.*, 166 F.3d 59, 62 (2d Cir. 1999) (same). Ultimately, the removing defendant meets its burden of establishing the jurisdictional minimum amount in controversy

if it establishes that it is "**more likely than not**" that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (emphasis added).

In this action, Plaintiff alleges that she has sustained damages and is entitled to injunctive relief arising out of alleged civil rights violations committed by Defendant. In particular, Plaintiff alleges that she is a visually-impaired and legally blind person who requires screen-reading software to access and read website content using her computer. Comp., ¶ 1. She alleges that she was denied equal access to the same online information and goods and services offered to others because Defendant's website, www.davidstea.com, and all subgroups of webpages contained in the website are not fully accessible to screen reading technology used by blind individuals. *Id.*, ¶ 2, 29.

Plaintiff alleges that she has visited Defendant's Website on separate occasions; that she encountered multiple access barriers; and that she has been deterred, on a regular basis, from accessing the Website. *Comp.*, ¶ 7. Plaintiff seeks injunctive relief up to $50,000 in potential costs. *Id.*, ¶ 47. Plaintiff's Complaint claims she is entitled to statutory monetary damages up to "$24,999.00." *Id.*, ¶ 48. Further, Plaintiff's Complaint alleges that she is entitled to an additional award of $4,000 as deterrence damages for each violation (*Id.*, ¶ 5).

Here, based on the Unruh Act's recovery scheme and Plaintiff's theory of recovery as set forth in her Complaint, it is clear that the aggregate of monetary and nonmonetary relief at issue in this case alone exceeds $75,000. Plaintiff also seeks to recover her attorneys' fees, which increases the amount in controversy and further confirms that the amount in controversy far exceeds the jurisdictional minimum. *Id.*, ¶ 49.

///

///

///

Monetary Damages: Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," subject to certain exceptions, such as nonmonetary relief, discussed below. *See* 28 U.S.C. § 1446(c)(2).  In this regard, Plaintiff's alleged amount of monetary damages -- i.e., up to $24,999 (*Comp.* ¶ 48) – approaches almost half of the amount in controversy requirement on its own.  Thus, while Defendant disputes any liability in this case, a review of the damages potentially recoverable under the Unruh Act and Plaintiff's theory of liability, which involves repeating claims and alleged ongoing violations by Defendant, demonstrates that the amount of monetary damages sought by Plaintiff in the Complaint satisfies the "good faith" requirement for purposes of removal under 28 U.S.C. § 1446(c)(2).

The Unruh Act allows for recovery of a statutory minimum of $4,000 "for each and every offense" of its provisions. Cal. Civ. Code § 52(a)."  "[E]ach offense' is each time the plaintiff visits the non-compliant place of public accommodation or each specific instance in which the plaintiff is deterred from attempting to visit." *Molski v. Rapazzini Winery*, 400 F. Supp. 2d 1208, 1211-1212 (N.D. Cal. 2005) (emphasis added), citing *Arnold v. United Artists Theatre Circuit, Inc.*, 866 F. Supp. 433 (N.D. Cal. 1994); Cal. Civ. Code § 55.56(b); see *Feezor v. Del Taco, Inc.*, 431 F. Supp. 2d 1088, 1090 (S.D. Cal. 2005), citing *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 847 (9th Cir. 2004); *Arnold*, 866 F. Supp. at 439.

Plaintiff alleges she has not only experienced past violations since April 2019 (Comp., ¶ 35), but that she has been "deterred, on a regular basis, from accessing the Website." (Comp. ¶ 7.)  Given Plaintiff's allegation that since she has visited the website and experienced purported access barriers on multiple occasions, and that she has been deterred from accessing the website on a "regular" basis, Plaintiff clearly is seeking to demonstrate grounds for recovery based on numerous individual "offenses."  These allegations alone, together with attorneys' fees and the cost of injunctive relief (discussed below), demonstrate that Plaintiff is seeking over

5.

**NOTICE OF REMOVAL**

$75,000 in damages.

Nonmonetary Relief: The Court may also consider the cost of nonmonetary relief alleged in Plaintiff's Complaint. 28 U.S.C. § 1446(c)(2)(A)(i). Here, Plaintiff seeks preliminary and permanent injunctive relief "requiring Defendant to take the steps necessary to make www.davidstea.com readily accessible to and usable by blind and visually-impaired individuals" (*Comp.*, Prayer ¶ 3.) In the context of single-plaintiff cases, the Ninth Circuit has adopted an "either viewpoint" rule such that "the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (South Dakota), NA*, 264 F.3d 952, 958 (9th Cir. 2001) (emphasis added); *see Sanchez*, 102 F.3d at 405 n. 6 (observing how the 9th Circuit "rejected the 'plaintiff-viewpoint' rule, which states that courts attempting to determine the value of a claim for purposes of the amount in controversy requirement should look only to the benefit to the plaintiff, rather than to the potential loss to the defendant"), citing *Ridder Bros, Inc. v. Blethen, et al.*, 142 F.2d 395, 398 (9th Cir. 1944) (noting "if the value of the thing to be accomplished [is] equal to the dollar minimum of the jurisdictional amount requirement to anyone concerned in the action, then jurisdiction [is] satisfied."). Accordingly, to the extent the cost of remedying the alleged issues with the website, combined with Plaintiff's alleged monetary damages, exceeds $75,000, the amount in controversy requirement is met.

There is little doubt the cost of implementing the changes sought in Plaintiff's Complaint could meet the minimum amount in controversy for removal. Plaintiff's Complaint notes several alleged types of barriers on the website, including (*Comp.*, ¶ 33):

   a. Home page graphics, links, and buttons lacking labels or incorrectly labeled, or lacking alternative text;
   b. Unlabeled or mislabeled buttons and links;
   c. Multiple pages containing insufficient navigational headings;

        d. Inaccessible checkout system

        e. Brick-and-mortar location links inaccessible to screen reading technology.

Although Plaintiff purports to limit her request for injunctive relief to $50,000 or less, the cost of complying with the injunction sought is likely to be much higher. In *Gil v. Winn-Dixie Stores, Inc.*, C.A. No. 16-23020 Civ., 2017 U.S. Dist. LEXIS 90204 (S.D. Fla. June 12, 2017), it was suggested that the minimum cost of modifying a website may exceed $250,000.

<u>Attorneys' Fees</u>: Since attorneys' fees are recoverable as a matter of right for prevailing parties under the Unruh Act, the Court may also consider such fees when determining the amount in controversy. Cal. Civ. Code § 52(a); *see Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); <u>*Miera v. Dairyland Brady v. Mercedes-Benz USA, Inc.*</u>, 243 F. Supp. 2d 1004, 1010-1011 (N.D. Cal. 2002) (same). Significantly, courts in the Central District have held that estimated fees during the litigation may be considered as part of the amount in controversy. *See*, e.g., *Oganesyan v. AT&T Mobility Servs., LLC*, 2014 U.S. Dist. LEXIS 132126, *7 (C.D. Cal. Sept. 18, 2014) (holding that where an underlying statute permits recovery of attorneys' fees, "the Court does not merely consider those fees which have already incurred; rather, it looks to the amount that can be reasonably estimated" when determining the amount in controversy); *Sawyer v. Retail, DATA, LLC*, 2015 U.S. Dist. LEXIS 57113, *6-*7 (C.D. Cal. Apr. 29, 2015) ("[Plaintiff's] claim for fees is authorized by Cal. Gov't Code § 12965(b), and thus her post-removal attorneys' fees are part of the 'amount at stake' in the action."); *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921, *11 (C.D. Cal. Mar. 3, 2015) (same).

///

As this Court certainly is aware, there is a high probability that through trial, the attorneys' fees incurred by Plaintiff could alone total more than $75,000. *See e.g. Oliver v. Alta Los Angeles Hospital*, 2017 WL 3124254 (Cal. Ct. App. 2nd Dist., July 24, 2017) (affirming attorneys' fee award of $147,000 to a plaintiff who established a violation under the Unruh Act and who received just the statutory minimum of $4,000 in damages.) Here, even if the Court were to credit Plaintiff's limitation on statutory damages at $24,999 and her limitation of $50,000 in costs for injunctive relief, she would only need to recover **$1.01** in attorneys' fees to exceed the $75,000 amount in controversy.

Thus, based on Plaintiff's requested monetary damages, injunctive relief, and attorneys' fees, it is clear that the $75,000 amount in controversy is easily met in this case.

### III.  THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. 1446 ARE SATISFIED.

In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District in which the action is pending. The Los Angeles County Superior Court is located within the Central District of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to the Russell Decl. and in accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Los Angeles. Notice of Compliance shall be filed promptly afterwards with this Court.

///

///

///

WHEREFORE, based on all of the matters discussed above, Defendant removes the above-captioned action to the United States District Court for the Central District of California.

Dated: July 25, 2019

FOX ROTHSCHILD LLP

By: */s/ Andrew W. Russell*
ANDREW W. RUSSELL
Attorneys for Defendant
DAVIDSTEA (USA) INC. erroneously sued as DAVIDSTEA, INC.