Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132885)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
DisabilityRights@manninglawoffice.com

Attorneys for Plaintiff PERLA MAGENO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERLA MAGENO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DAVIDSTEA, INC., a Canadian corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-06473-DSF-FFM<br><br>Hon. Dale S. Fischer<br><br>**NOTICE OF MOTION AND MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Concurrently filed with Declaration, [Proposed] Order]<br><br>Complaint filed: May 14, 2019<br>Removed: July 25, 2019<br><br>Date: September 23, 2019<br>Time: 1:30 P.M.<br>Ctrm: 7D |

PLEASE TAKE NOTICE that on September 23, 2019 at 1:30 P.M. in Courtroom 7D of the United States District Court, Central District, located at First Street Courthouse, 350 W. First Street, Courtroom 7D, Los Angeles, CA 90012, before the Honorable Dale S. Fischer, United States District Judge, Plaintiff Perla Mageno

1

("Plaintiff") will and hereby does move to remand this action to the Superior Court of California for the County of Los Angeles.

Plaintiff moves to remand on the grounds that the action does not arise under the laws of the United States, the amount in controversy is insufficient to warrant removal on diversity grounds, and the action is not otherwise within the removal jurisdiction of this Court. 28 U.S.C. §§ 1441(b)(1) and 1332 (a). Plaintiff also seeks payment of her attorney's fees in the amount of $2,325, incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).

This motion is made pursuant to 28 U.S.C. § 1447(c). This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Declaration, the pleadings and papers on file in this action, and on such further evidence and argument as may be presented before or at the time of hearing.

This motion is made following the meet and confer with Counsel for Defendant on August 16, 2019.

Dated: August 23, 2019                **MANNING LAW, APC**

By: */s/ Joseph R. Manning Jr., Esq.*
Joseph R. Manning Jr., Esq.
Attorneys for Plaintiff

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Plaintiff Perla Mageno ("Plaintiff") filed this action in the Superior Court of California, and in her complaint asserted one cause of action against Defendant DAVIDsTEA Inc. ("Defendant") for its violation of California's Unruh Civil Rights Act ("Unruh Act"). Therein Plaintiff sought no compensatory or actual damages, but only statutory damages, a declaratory judgment, attorneys' fees and costs, and injunctive relief pursuant to the Unruh Act.

Defendant offers its commercial website, www.davidstea.com (the "Website"), which provides a breadth of information concerning Defendant's products and other amenities and services, privileges, advantages, and accommodations. (Cmpl. ¶¶ 25-27). Defendant's policy and practice is to deny blind users, including Plaintiff, of full and equal enjoyment and access to the Website. (*Id.*, ¶ 28.) Due to Defendant's failure and refusal to remove the access barriers on the Website, Plaintiff and other blind and visually impaired individuals have been denied full and equal enjoyment of, and access to, Defendant's services, advantages, privileges, and accommodations offered to the public through its Website. (*Id.*) These access barriers prevent blind individuals from freely navigating Defendant's website and are pervasive. (*Id.*, ¶ 33).

Plaintiff seeks statutory minimum damages pursuant to California Civil Code § 52(a), deterrence damages in the amount of $4,000 pursuant to *Johnson v. Guedoir*, 218 F. Supp. 3d 1096; 2016 U.S. Dist.LEXIS 150740 (USDC Cal, E.D. 2016), injunctive relief requiring Defendant to bring its website into compliance with the Unruh Act, attorney's fees, and costs. Plaintiff disclaims federal jurisdiction based on her sole cause of action arising under California state law, and additionally by alleging that she "**expressly limits the cost of injunctive relief sought to $50,000 or less**" and that she "**expressly limits the amount of money such that the total amount Plaintiff seeks to for each and every offense shall not exceed $24,999.00**." (Cmpl. ¶¶ 47, 48) (emphasis added).

On July 25, 2019, Defendant improperly filed its Notice of Removal pursuant to 28 U.S.C. §§ 1441(b) and 1446 on the alleged grounds that this is a civil action between citizens of different states where the matter in controversy exceeds $75,000. (Dkt. No. 1,¶ 3.)

The Notice of Removal is improper because Defendant fails to provide, by a preponderance of admissible evidence, that it conducted a reasonable inquiry and investigation showing that the amount in controversy exceeds the jurisdictional limit of this Court. 28 U.S.C. § 1446(c)(2)(B). It does not.

In addition, Plaintiff requests recovery of fees against Defendant and its counsel in the amount of $2,325 because removal was not objectively reasonable and not supported by a reasonable inquiry. 28 U.S.C. § 1447(c).

## II. ARGUMENT

### A. Applicable Law

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013 (*quoting Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994))). "The burden of establishing jurisdiction falls on the party invoking the removal statute, . . . which is **strictly construed *against* removal.**" *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (emphasis added). "The strong presumption against removal jurisdiction means that . . . the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks removed). The removal statute "is strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

### B. This Action Is Not Properly Removable Under 28 U.S.C. § 1332(a)(1)

Plaintiffs are "master[s] of [their] complaint." *Balcorta v. Twentieth Century–*

*Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000). As such, "if plaintiff chooses to ask for less than the jurisdictional amount in a state court complaint, absent a showing of bad faith only the sum actually demanded is in controversy even though the pleader's motivation is to defeat removal." 14A Fed. Prac. & Proc. Juris § 3702 (4th ed.); 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), *the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy….*") (emphasis added).

Here, there is no diversity jurisdiction, as Plaintiff's allegations, damages sought, and prayer explicitly limit the collective value of the recovery sought to $74,999. (Cmpl. ¶¶ 47, 48). As discussed below, the authority for this conclusion is legion.

    1.   **U.S. Supreme Court Case Authority**

The Supreme Court has made clear that "federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement. That is so." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595, 133 S. Ct. 1345, 1350, (2013) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S. Ct. 586 (1938) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove")). The Supreme Court reiterated this rule in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 551 (2014) ("If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'")

"**If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial**

**pleading shall be deemed to be the amount in controversy**." 28 U.S.C. § 1446 (c)(2) (emphasis added); *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) (recognizing "the sum claimed by the plaintiff controls if the claim is apparently made in good faith") (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) ("Generally, the amount in controversy is determined from the face of the pleadings. The sum claimed by the plaintiff controls so long as the claim is made in good faith." (citations omitted)).

This general rule comports with the United States Supreme Court's recognition that "[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction is one of jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of 'business that intrinsically belongs to the state courts' in order to keep them free for their distinctive federal business." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941) (citing Henry J. Friendly, The Historic Basis of Diversity Jurisdiction, 41 Har. L. Rev. 483, 510 (1928)).

### 2. Ninth Circuit Authority

The Ninth Circuit has followed binding Supreme Court precedent by reiterating that "a plaintiff may sue for less than the amount she may be entitled to if she wishes to avoid federal jurisdiction and remain in state court." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007). There is a good faith requirement, but subject to that a plaintiff has the "prerogative ... to forgo a potentially larger recovery to remain in state court." *Id*.

In *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997), the Ninth Circuit again followed the rule stating that, "[t]he plaintiff, after all, creates the controversy and is the master of the claim, and decides how much money to demand." (citing 14A Wright, Miller & Cooper § 3702 at 22). In Singer, the Ninth Circuit interpreted its prior decision in *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir.

1992) as follows, "We understand *Gaus* to mean that where the plaintiff does not claim damages in excess of $50,000 and the defendant offers "no facts whatsoever" to show that the amount in controversy exceeds $50,000, then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied." *Singer*, 116 F.3d at 376 (citing *Gaus*, 980 F.2d at 567). *Gaus* was decided at a time when the amount in controversy requirement was satisfied if it was in excess of $50,000.

### C. Defendant Bears the Burden In Overcoming the Presumption That Plaintiff May Disclaim Federal Jurisdiction

If a plaintiff's express claim is limited to less than the minimum jurisdictional sum, the defendant's "**burden of proof** [to prove that jurisdiction exists] must be a ***heavy* one**." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (emphasis added).

"Where a complaint is *unclear or ambiguous about the amount in controversy,* the court applies a *preponderance of the evidence standard* that requires the removing defendant to establish that it is more likely than not that the amount in controversy requirement is settled." *Rindels v. Tyco Integrated Sec., LLC*, No. CV 14-6536 RSWL CWX, 2015 WL 469013, at *2 (C.D. Cal. Feb. 4, 2015) (emphasis added) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) and *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).)

Indeed, district courts have regularly granted requests for remand where the plaintiff set forth the amount in controversy as below the $75,000 threshold. See, e.g., *Brown v. Citibank USA, N.A.*, No. 2:14-CV-07695-CAS, 2014 WL 5810333, at *3 (C.D. Cal. Nov. 7, 2014) ("**[P]laintiffs have availed themselves of their right to circumvent federal jurisdiction by expressly limiting their claims to less than $75,000**. While defendants are correct that plaintiffs, pursuing their legal arguments to their logical conclusions, would deprive defendants of property interests in excess

of $75,000, plaintiffs are still entitled to disclaim any intent to fashion this sort of relief.") (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1983) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for **less than the jurisdictional amount**, and **though he would be justly entitled to more**, the defendant cannot remove.") (emphasis added); *Jackson v. Specialized Loan Servicing, LLC*, No. CV 14-05981 MMM PLAX, 2014 WL 5514142, at *12 (C.D. Cal. Oct. 31, 2014) (granting request for remand and finding "the amount in controversy is measured by the damages each plaintiff seeks").

Here, Plaintiff set forth one cause of action based exclusively upon California law and sought statutory damages pursuant thereto (i.e., not actual damages). Cal. Civ. Code § 52(a). As such, Plaintiff's action presents solely state law-related questions of law and fact. What is more, Plaintiff clearly, unambiguously, and specifically limited the amount they are entitled to recover, including requested injunctive relief, in good faith to no more than $74,999. (Cmpl., ¶¶ 47, 48) In response, Defendant offers purely speculative and conjectural alleged amounts in controversy that improperly "reflect a 'bold optimistic prediction' rather than a reasonable estimate of plaintiff's claims." *Romsa v. Ikea U.S. W., Inc.*, No. CV 14-05552 MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal., Aug. 28, 2014) (citing *Sabine v. Aaron Brothers, Inc.*, CV173177DSFAGRX, 2017 WL 7806596, at *2 (C.D. Cal. July 11, 2017)).

        1.    **Defendant's Argument Regarding The Amount Of Plaintiff's Statutory Damages Is Misleading, Speculative and Improper**

Without any basis therefore, Defendant contends that Plaintiff could potentially recover statutory damages in excess of the statutory minimum based on a deliberate misreading of the Complaint and improper speculation. Twice in Defendant's Notice of Removal, Defendant states Plaintiff "claims she is entitled to statutory monetary damages up to '24,999.00.'" (Notice of Removal, p. 4, 5).

Defendant offers no evidence that indicates Plaintiff is actually claiming exactly $24,999.00 or any evidence that the number of violations would or should cause the monetary damages claimed by Plaintiff to exceed $24,999.00. Indeed, Plaintiff's Complaint clearly states "Plaintiff hereby expressly limits the amount of money such that the total amount Plaintiff seeks to for each and every offense shall not exceed $24,999.00." (Cmpl. ¶ 48). Plaintiff's express limitation is unequivocal. Nevertheless, Defendant goes on to state that Plaintiff claims deterrence damages as "an additional award…" (Notice of Removal, p. 4) Defendant's argument is merely an attempt to muddy crystal clear waters. As such, Defendant has no basis in the pleadings or evidence for its speculative statutory damages calculation that could exceed $24,999 (or $74,999, for that matter), which wholly fails to meet the preponderance of the evidence standard. 28 U.S.C. § 1446(c)(2)(B).

### 2. **Defendant Fails to Provide Any Evidence of the Cost of Compliance with Plaintiff's Request for Injunctive Relief.**

Further, concerning the injunctive relief that Plaintiff expressly limits to $50,000 or less, despite having a list of the barriers Plaintiff experienced on the Website and citing it in the Notice, Defendant is unable to provide <u>any</u> evidence that remediation of the Website would cost in excess of $50,000. (Notice of Removal, p. 6-7). In fact, Defendant does not attempt to provide any evidence at all. Defendant merely cites a District Court case from the Southern District of Florida and states that in that case, "it was suggested that the minimum cost of modifying a website may exceed $250,000." (Notice of Removal, p. 7, citing *Gil v. Winn-Dixie Stores, Inc.*, C.A. No16-23020 Civ., 2017 U.S. Dist. LEXIS 90204 (S.D. Fla. June 12, 2017). Again, Defendant misrepresents the facts. Although the court found that the Defendant in that case had set aside $250,000 to modify its website in 2017, the court also found that an accessibility company could modify the website for $37,000 and, for the purposes of the court's conclusions, whether the cost to modify the website is $250,000 or $37,000 is of no moment." *Gil* at p. 1347. Again, without any

evidence from Defendant regarding the cost of modifying *Defendant's Website*, any argument that the cost would exceed $50,000 is pure conjecture. Defendant has simply not met its burden in overcoming Plaintiff's explicit request for relief. *Gaus v. Miles, Inc.*, supra, 980 F.2d at 566 ("**If it is *unclear* what amount of damages the plaintiff has sought, ... then the defendant bears the burden of actually proving the facts to support ... the jurisdictional amount**." (emphasis in original)). This lack of any evidentiary support does not meet Defendant's heavy burden and cannot overcome the Court's obligation to strictly construe *against* removal. *Sullivan*, *supra*, 813 F.2d at 1371; *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979).

## III. PLAINTIFF SHOULD BE AWARDED HER COSTS FOR THIS MOTION

Where removal was improper, the court may award attorneys' fees incurred in seeking remand to the proper court. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.") The Supreme Court held that "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As the Court put it, "[a]bsent unusual circumstances, courts may award attorney's fees [] where the removing party lacked an objectively reasonable basis for seeking removal." Id.; *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Here, Defendant lacked an objectively reasonable basis for removal of this action. Defendant offered no authenticated, supported, foundational evidence for its speculation on the amount in controversy, or controlling legal authorities – thus failing to have any reliable support for its removal. In sum, Defendant's removal was not objectively reasonable, and Plaintiff should be awarded her fees in the amount of $2,235 for having to bring this motion. (Manning Decl., ¶ 4).

//

### III.    CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court remand this action to the Superior Court of California for the County of Los Angeles, award her attorneys fees in the amount of $2,325, and grant such further and other relief as the Court deems appropriate (*Id.*).

Dated: August 23, 2019                    **MANNING LAW, APC**

                                      By: */s/ Joseph R. Manning Jr., Esq.*
                                              Joseph R. Manning Jr., Esq.
                                              Attorneys for Plaintiff